**UNITED STATES of America, Appellee,**

v.

**Harry L. DAVIS, Appellant.**
**No. 71-2564.**

United States Court of Appeals, Ninth Circuit.

Dec. 27, 1971.

Harry L. Davis, in pro. per.

Richard K. Burke, U. S. Atty., W. O. Craft, Jr., Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before CHAMBERS, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

In December, 1968, appellant and another were indicted in one count for violation of 18 U.S.C. § 2113(a) [bank robbery] and in another count for violation of 18 U.S.C. § 2113(d) [bank robbery by use of a dangerous weapon]. On December 23, 1968, after consultation with appointed counsel, appellant entered a plea of guilty to count one of the indictment. On January 20, 1969, he was sentenced. At the same time, count two of the indictment was dismissed on the government's motion.

A previous 28 U.S.C. § 2255 motion was denied by the district court and by this court. Davis v. United States, 441 F.2d 658 (9th Cir. 1971).

The sole issue presented to the district court on the present 2255 motion is whether the government, upon the plea of guilty, was required to prove that the deposits of the bank were insured by the Federal Deposit Insurance Corporation, as alleged in the indictment. Appellant does not assert that his guilty plea was involuntary, nor that it was made with a misunderstanding of the nature of the charge or the consequences of the plea. For that matter, he might well be precluded from making such contentions. Davis v. United States, supra. In these circumstances, a plea of guilty admits all averments of fact in the indictment, all defects not jurisdictional are cured, all defenses are waived and the prosecution is relieved from the duty of proving any facts. The effect is the same as if appellant had been tried before a jury and had been found guilty on evidence covering all of the material facts. Grimes v. United States, 396 F.2d 331, 334 (9th Cir. 1968); Robison v. United States, 329 F.2d 156 (9th Cir. 1964), cert. denied 379 U.S. 859, 85 S.Ct. 115, 13 L. Ed.2d 61 (1964); Smith v. United States, 287 F.2d 270, 273 (9th Cir. 1961); cert. denied 366 U.S. 946, 81 S.Ct. 1676, 6 L.Ed.2d 856 (1961), and Berg v. United States, 176 F.2d 122 (9th Cir. 1949), cert. denied 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537 (1949). Other contentions made by appellant were not presented to the lower court and are not properly before us. In any event, they are clearly without merit.

Affirmed.