UNITED STATES of America,
Plaintiff-Appellant,

v.

Vernice GARRETT, Defendant-Appellee.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Mary Ethel MORGAN,
Defendant-Appellee.

Nos. 80-3486, 80-3487.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 1981.

Decided July 1, 1982.

Rehearing and Rehearing En Banc
Denied Sept. 7, 1982.

Vernice Garrett, Mary Ethel Morgan, pro se.

James B. Crum, Asst. U. S. Atty., Spokane, Wash., for plaintiff-appellant.

Before WRIGHT and ANDERSON, Circuit Judges, and BURNS,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Petitioners, Vernice Garrett and Mary Ethel Morgan, were convicted of two counts of conspiracy to possess narcotics with the intent to distribute and nine counts of possession and distribution of narcotics in violation of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2. Although the petitioners were originally sentenced to concurrent terms of 15 years' imprisonment and 25 years' special parole on each count, the sentences were later reduced to concurrent terms of 9 years' imprisonment and 10 years' special parole on each count.[1] At the same trial, Jackson Morgan (husband of Mary Ethel Morgan) was convicted and sentenced to an enhanced sentence of 30 years' imprisonment, 25 years' special parole, and a $25,000 fine.[2] Codefendant James Kinsey was also convicted and was sentenced to concurrent sentences of 5 years' imprisonment and 25 years' special parole on each of eight counts. On appeal, all of the convictions were affirmed. *United States v. Garrett,* 565 F.2d 1065 (9th Cir. 1977), *cert. denied,* 435 U.S. 924, 98 S.Ct. 1487, 55 L.Ed.2d 517 (*Morgan v. U. S.*); *cert. denied,* 435 U.S. 924, 98 S.Ct. 1487, 55 L.Ed.2d 517 (*Garrett v. U. S.*).

Garrett and Morgan then filed this 28 U.S.C. § 2255 petition in the district court. The petition was dismissed and Garrett and Morgan now appeal. We affirm.

■ Petitioners allege that Counts One and Two of the indictment were "fatally defective" in that the indictment failed to place the conspiracies within any time frame. In light of *Cummins v. United States,* 368 F.2d 819 (9th Cir. 1966), expressing the hesitancy of this court to review the sufficiency of an indictment in proceedings instituted under 28 U.S.C. § 2255, an indictment which charges overt acts occurring "during 1975" is sufficiently definite in regard to time frame. The petitioners' reliance upon *United States v. Cecil,* 608 F.2d 1294 (9th Cir. 1979), in which the indictment was "open ended in both directions" and failed to establish a time frame for the conspiracy, is unfounded as the language used in the indictments is distinguishable. The district court correctly found that the indictment was sufficient to apprise the petitioners of the charges against them.

■ Because the indictment properly charged the petitioners with conspiracy, the petitioners' second argument collapses. The conspiracy exception to the hearsay rule was correctly applied and the convictions following from the conspiracy charge must be upheld.

■ Petitioners' contention that the ineffectiveness of counsel denied them an opportunity to raise a "Petite Policy" objection to the government's use of evidence (previously suppressed during an earlier state action against Jackson Morgan) is groundless. The district court is required to make an independent inquiry into the admissibility of state-supplied evidence in a federal proceeding without regard to the findings of earlier state inquiry. *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). Further, the "Petite Policy," which allows the government at its discretion to dismiss an indictment after conviction if the state is prosecuting the defendant for the same acts, is clearly not

---

* The Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

1. The district court modified this sentence by eliminating the special parole term for the two conspiracy counts after the United States Supreme Court held that special parole terms may not be applied when sentencing conspirators charged under 28 U.S.C. § 846. *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).

2. On appeal, Jackson Morgan's enhanced sentence was vacated because of the district court's failure to adhere to the procedural requirements of 21 U.S.C. § 851(b). His cause was remanded for re-sentencing. *United States v. Garrett,* 565 F.2d 1065 (9th Cir. 1977), *cert. denied,* 435 U.S. 924, 98 S.Ct. 1487, 55 L.Ed.2d 517 (*Morgan v. United States*); *cert. denied,* 435 U.S. 924, 98 S.Ct. 1487, 55 L.Ed.2d 517 (*Garrett v. U. S.*) (1978).

applicable here. *Petite v. United States*, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). Under the standards set forth in *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979), petitioners' argument fails to establish the ineffectiveness of counsel.

Petitioners' final argument alleges that the disparity between the sentence given to petitioners and the sentence given James Kinsey demonstrates a denial of equal protection. This argument ignores the fact that the petitioners were convicted on eleven counts, while James Kinsey was convicted on eight counts. The argument also ignores the finding by the district judge in denying the § 2255 petitions, that both petitioners were significantly more culpable than codefendant Kinsey. The argument also misunderstands the role of the judge in the federal courts.

The sentencing process is intended to allow the sentencing judge to take individual circumstances into consideration while adhering to the sentencing standards provided by statute. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *Verdugo v. United States*, 402 F.2d 599 (9th Cir. 1968), *cert. denied*, 402 U.S. 961, 91 S.Ct. 1623, 29 L.Ed.2d 124 (1971). The matter of sentencing is within the discretion of the sentencing judge and is generally not reversible as long as the sentence falls within the bounds set by statute. *United States v. Moreno*, 569 F.2d 1049, 1053 (9th Cir. 1978), *cert. denied*, 435 U.S. 972, 98 S.Ct. 1615, 56 L.Ed.2d 64. *See also* 21 A.L.R.Fed. 655. Although a few cases have delineated special circumstances under which a sentence might be reviewed,[3] a disparity in the sentences imposed upon codefendants does not by itself indicate that the sentencing judge has abused his discretion or that a review is required. *Marcella*

*v. United States*, 285 F.2d 322 (9th Cir. 1960), *cert. denied*, 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961); *United States v. Atkins*, 618 F.2d 366 (5th Cir. 1980); *United States v. Hayes*, 589 F.2d 811 (5th Cir. 1979), *cert. denied*, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60. It is well within the discretion of the sentencing judge to impose disparate sentences upon the codefendants if the circumstances so require.

*United States v. Capriola*, 537 F.2d 319 (9th Cir. 1976), holds that a disparity in sentencing should be explained when that disparity might suggest that a more severe sentence was imposed upon a defendant *because* he exercised his right to stand trial. Petitioners misread this holding to apply to the circumstances of their case. In the case before us, all of the codefendants stood trial together and there is no suggestion of an infringement upon the petitioners' constitutional right to stand trial.

The district court order dismissing petitioners' motion is

AFFIRMED.

---

**3.** See *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (sentence based upon false assumptions); *United States v. Capriola*, 537 F.2d 319 (9th Cir. 1976) (sentence imposed because defendant exercised constitutional right to trial); *Verdugo v. United States*, 402 F.2d 599 (9th Cir. 1968), *cert. de-*

nied, 402 U.S. 961, 91 S.Ct. 1623, 29 L.Ed.2d 124 (1971) (illegally seized evidence used in sentencing); *Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973) (sentence imposed on a mechanical basis as an abuse of sentencing judge's discretion).