**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sanford Darrell CHIAGO,
Defendant-Appellant.**

**No. 82–1453.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1983.

Decided Feb. 23, 1983.

John P. Moran, Phoenix, Ariz., for defendant-appellant.

Susan A. Ehrlich, A. Melvin McDonald Asst. U.S. Attys., Phoenix, Ariz., for plaintiff-appellee.

Before TANG and ALARCON, Circuit Judges, and TAYLOR *, District Judge.

ALARCON, Circuit Judge.

Sanford Darrell Chiago appeals from the judgment of the district court sentencing him to consecutive prison terms of life imprisonment on a conviction for first-degree murder, 18 U.S.C. §§ 1111, 1153, and twenty-five years on a conviction of robbery of a postal employee, 18 U.S.C. §§ 2112, 2114. Chiago pleaded guilty to both crimes.

On appeal, Chiago contends that: (1) the district court violated his constitutional right to due process by recommending that the United States Parole Commission (Commission) consider a photograph of the victim in reaching a determination as to Chiago's parole eligibility; and (2) the district court abused its discretion in sentencing the defendant to consecutive terms of imprisonment. We affirm.

*The Honorable Fred M. Taylor, United States District Judge for the district of Idaho, sitting by designation.

## I. PERTINENT FACTS

The district court included a recommendation to the Commission that Chiago not be paroled. To support this recommendation, the district court stated that it would submit to the Commission "a photograph of the victim showing the nature and extent of the injuries inflicted upon her." The victim had been beaten and stabbed several times in the chest, and her throat had been slashed.[1] The coroner's photographs depict the injuries. In imposing the sentence, the district court stated:

> I call your attention—your particular attention, to the fact that during the period of time that the four of you were in the automobile, that you rode in the front seat, that you committed physical and abusive assaults on Karen Green, that you repeatedly stabbed her, that you showed a total lack of concern for her, and that your activities on that occasion demonstrated a wanton and depraved spirit of mind, that you were bent on evil without regard as to its consequences.

## II. ANALYSIS

Chiago argues that the inclusion of a photograph of the murder victim in his file was a violation of due process. The government contends that the issue is not ripe for review because Chiago will not be eligible for parole until sometime in the future. We disagree.

In our view, the issue is ripe for review because resolution of the issue is not dependent upon future factual developments and Chiago may suffer hardship if we decline review. Prison officials will have access to the file prior to Chiago's parole eligibility date. Decisions concerning classification, level of custody and place of confinement may be affected by the presence of the photograph in the file. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 149–

1. Chiago stabbed the victim, one of his three co-defendants slashed her throat.

54, 87 S.Ct. 1507, 1515–18, 18 L.Ed.2d 681 (1967) (in deciding whether an issue is ripe for review, the court considers two factors: (1) whether the issue before us is presently fit or appropriate for judicial resolution; and (2) whether the parties to the controversy would suffer hardship if judicial resolution was withheld). Section 4207 provides that the Parole Commission "shall consider, if available and relevant: ... (4) recommendations made regarding the prisoner's parole at the time of sentencing by the sentencing judge[.] ..." 18 U.S.C. § 4207(4). Chiago does not dispute the accuracy of the photograph. Rather, he argues that the photograph is irrelevant because it merely illustrates injuries that are described in detail in the presentence report.

■ In our view, Chiago's characterization of the photograph as irrelevant is incorrect. In determining whether an eligible prisoner should be paroled, the commission is required to consider, *inter alia,* "the nature and circumstances of the offense and the history and characteristics of the prisoner," whether release would "depreciate the seriousness of the offense or promote disrespect for the law[,]" and whether release would "jeopardize the public welfare." 18 U.S.C. § 4206(a)(1)–(2). Relevancy, as defined in the Federal Rules of Evidence, Fed.R.Evid. 401, "means evidence having *any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (emphasis added). The photograph clearly meets this test of relevancy.

■ By statute, the Commission has the responsibility to determine when an eligible prisoner should be paroled. This determination of necessity requires the Commission to consider how long the eligible prisoner should be confined in relation to the crime that he or she committed. Such a consideration necessitates a review of the nature and circumstances of the crime committed—for example, whether the offense was cruel and sadistic or whether there are mitigating factors. Thus, evidence that a victim was brutalized in a manner depicted in a photograph is highly probative to the ultimate issue of the appropriate release date of an eligible prisoner. Under these circumstances, there is no due process violation.

Chiago next contends[2] that the trial court erred in sentencing him to consecutive prison terms. We disagree.

■ Sentencing that falls within statutory limits is left to the discretion of the sentencing court. Our review is for abuse of discretion. *United States v. Garrett,* 680 F.2d 650, 652 (9th Cir.1982).

■ Chiago's argument is premised on the fact that the district court sentenced his three co-defendants to terms of life imprisonment. It is within the sentencing court's discretion to impose disparate sentences upon co-defendants. *Garrett,* 680 F.2d at 652. As required, the court here explained its reasons for imposing disparate sentences. *See, e.g., United States v. Beecroft,* 608 F.2d 753, 761 (9th Cir.1979). A review of the sentencing proceedings of all four defendants reveals that the district court took individual circumstances into consideration in imposing sentences upon each defendant. Chiago does not refer to any portion of the record, indicating that the court abused its discretion, and our review of the record discloses none. The judgment of the district court is AFFIRMED.

---

2. Chiago's counsel declined to advance this contention pursuant to *Anders v. State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).