891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Joseph GALLIMORE, Petitioner-Appellant,
v
UNITED STATES of America, Respondent-Appellee.
 No. 89-15369.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1989.*
Decided Dec. 4, 1989.
 
 Before SNEED, FLETCHER and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Joseph Gallimore, a federal prisoner, appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate his sentence. On appeal, Gallimore contends that the district court was without jurisdiction to accept his guilty plea because (a) the indictment incorrectly alleged that the bank Gallimore robbed was insured by the federal government, (2) the grand jury foreman who signed the indictment was not under oath, and (3) the prosecutor's use of the indictment constituted a fraud.[1]
 
 
 3
 We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We find all Gallimore's claims meritless. His first claim, that the indictment incorrectly alleged that the bank he robbed was insured by the federal government, cannot be asserted once he has pled guilty. A plea of guilty admits all the averments of fact in the indictment. United States v. Davis, 452 F.2d 577 (9th Cir.1971). Davis contended that despite his guilty plea, the government had to prove the bank was federally insured. The court held that the guilty plea admitted all of the facts alleged in the indictment. Id. at 578. Recently, our court cited Davis "for the proposition that a guilty plea admits even those factual allegations in the indictment that form the predicate for federal jurisdiction." United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987).
 
 
 4
 Even were we to concede merit to Gallimore's latter two claims, they cannot be asserted after a guilty plea. He has forfeited all claims of constitutional violations arising before the plea that are not "jurisdictional" in nature. See United States v. Broncheau, 597 F.2d 1260, 1262 n. 1 (9th Cir.), cert. denied, 444 U.S. 859 (1979). Such jurisdictional claims must go to "the very power of the State to bring the defendant into court." Blackledge v. Perry, 417 U.S. 21, 30 (1974), and have not been extended by this court beyond claims which allege that the applicable statute is unconstitutional or that the indictment fails to state an offense. United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gallimore also argues that the district court erred in determining that his objections to the magistrate's report and recommendation were untimely filed. This issue is moot because the district judge reviewed and rejected Gallimore's arguments notwithstanding the untimeliness of his objections
 
 
 [2]
 Gallimore's motion requesting oral argument filed August 14, 1989 is denied