895 F.2d 1418
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
John BADEA, Defendant-Appellant.
 Nos. 88-1408, 88-15450.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1989.*
Decided Feb. 13, 1990.
 Before POOLE, NELSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Defendant/Appellant John Badea was indicted for fifty counts of related credit card fraud offenses. Pursuant to a plea agreement, he pled guilty to one count and received a eight year sentence. Shortly after sentencing, Badea filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. Sec. 2255 and moved for discovery. The district court denied both motions. Badea timely appealed the motions and the denial of a hearing.
 
 
 3
 Badea also filed a Rule 35 motion requesting a reduction or correction of his sentence on the grounds that materially false information was used as a basis for sentencing and that the sentence was disparate and excessive. The district court denied this motion without a hearing. Badea timely appealed the denial on the merits and the denial of a hearing. The appeals of both motions were consolidated into this action. In addition, Badea argues that the evidence obtained in the search of his business should have been suppressed because the search warrant was issued without probable cause.[1]
 
 
 4
 Because the district court correctly found that none of Badea's allegations constitutes reversible error, we affirm.
 
 DISCUSSION
 
 5
 I. Probable Cause to Issue the Search Warrant
 
 
 6
 Appellant argued that the embosser found in the search of his leased business property should have been suppressed because the search warrant was issued without probable cause. Specifically, the affidavit failed to suggest that any illegal items could be found at the specified addresses.
 
 A. Standard of Review
 
 7
 A magistrate's determination of probable cause to issue a search warrant is accorded great deference and is reversed only if that determination is clearly erroneous. U.S. v. Espinosa, 827 F.2d 604, 610 (9th Cir.1987) cert. denied 108 S.Ct. 1243 (1988); Illinois v. Gates, 462 U.S. 213, 236 (1982). "In borderline cases, performance will be accorded to warrants and to the decision of the magistrate issuing it." U.S. v. Martinez, 588 F.2d 1227, 1234 (9th Cir.1987).
 
 B. Legality of Search Warrant
 
 8
 Badea's business address, 3871 South Valley View, first was searched pursuant to a state of Nevada search warrant with both federal and state agents participating. The embosser was found in this search. While the state search was underway, Magistrate Philip M. Pro issued a federal search warrant. Both warrants were based on the same affidavit by Secret Service Agent Billy J. Flowers. The magistrate, however, also had information about counterfeit credit cards seen by an agent during the state search. (vol. 1, # 40).[2]
 
 
 9
 The federal agent's plain view sighting of the credit cards only can provide evidence for the federal warrant if he had prior justification for the intrusion. See Coolidge v. New Hampshire, 403 U.S. 443 (1971). If the state warrant lacked probable cause, then, the federal warrant based on the same affidavit also would be illegal. In addition, because the embosser at issue was found during the search based upon the state search warrant, the state warrant must be legal for the embosser to be used as evidence. Thus, whether the evidence should be suppressed depends on the legality of the state, not the federal, search warrant.
 
 
 10
 The legality of a search warrant depends upon the sufficiency of what is found within the underlying affidavit. U.S. v. Martinez, 588 F.2d 1227, 1234 (9th Cir.1978). The affidavit is sufficient if it shows probable cause. "If the facts alleged in the affidavit would allow a person of reasonable caution to believe that the evidence sought will be found in the stated place there is probable cause." Martinez, 588 F.2d at 1234; United States v. Damitz, 495 F.2d 50, 55 (9th Cir.1974).
 
 
 11
 The police had evidence that Badea had stolen property and that he owned an embossing machine used for credit card fraud at some location. They also knew he rented a warehouse and where he lived. The affidavit provided "more than mere suspicion" that the credit card equipment would be in one of those two places. See Martinez, 588 F.2d at 1234.[3]
 
 II. The Section 2255 Motion
 A. Standard of Review
 
 12
 This court reviews de novo the district court's denial of a 28 U.S.C. Sec. 2255 motion. U.S. v. Freeny, 841 F.2d 1000, 1001 (9th Cir.1988).
 
 B. Necessity of a Hearing
 
 13
 Pursuant to Badea's Sec. 2255 motion, he filed a request for a hearing and for discovery. "[I]f the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal" no hearing is necessary. U.S. v. Burrows, 872 F.2d 915, 917 (9th Cir.1989); see also Watts v. U.S., 841 F.2d 277 (9th Cir.1988). As referenced specifically in the following sections, we find that Badea's allegations, when viewed against the record, do not state a claim for relief and, thus, no hearing is required.[4]
 
 C. Ineffective Assistance of Counsel
 
 14
 A claim of ineffective assistance of counsel is a mixed question of law and fact which is reviewed de novo. Burrows, 872 F.2d at 917. To demonstrate ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 15
 To satisfy the first prong of the Strickland test and prove that ineffective counsel rendered the plea involuntary, a defendant who is represented by counsel during the plea process must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970). When reviewing alleged deficiencies the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". Strickland, 466 U.S. at 689.
 
 
 16
 Badea lists twenty-one reasons why his two lawyers were ineffective. They fall into two main categories. One group consists of completely unsupported allegations, such as reason number 4 "failed to investigate the facts and circumstances of the case." Mere conclusory allegations do not prove that counsel was ineffective. See Shah v. U.S., 878 F.2d 1156, 1161 (9th Cir.) cert. denied 110 S.Ct. 195 (1989).
 
 
 17
 Others of the asserted reasons are clearly legal strategy decisions such as number 7, "refusing to undertake an entrapment defense" or number 6, "failing to litigate statute of limitations issues." A counsel is not ineffective for failing to make nonmeritorious claims or for choosing a reasonable legal strategy that fails. See U.S. v. Aguon, 851 F.2d 1158, 1160 (9th Cir.1988). Badea offers no basis to conclude that these decisions were not reasonable strategic choices by his attorneys.[5] See Strickland, 466 U.S. at 690. Because there is no evidence that counsel's performance was deficient, we affirm the district court's denial of Badea's claim.
 
 D. Factual Basis of the Plea
 
 18
 Appellant claims that his guilty plea was not obtained in a lawful manner because it lacked the requisite factual basis. Badea argues that his plea had no factual basis because his plea hearing "was concluded with Badea pleading guilty, but without admission to any facts to support of the plea." The "Facts to support a plea of guilty" that were included with the plea agreement covered the government's complete case. They included facts to support the indictment as a whole not just the count Badea pled. Thus even if, as Badea asserts, the other allegations in the government's case were incorrect, a factual basis to support the plea still existed if it was true that appellant possessed the equipment with the requisite intent. In the Change of Plea proceedings appellant admitted both elements. (Change of plea, record vol. 4, exhibit B at 19).
 
 
 19
 However, even if appellant had not provided the factual basis himself, his assertions of innocence would not invalidate the plea. North Carolina v. Alford, 400 U.S. 25, 37 (1970). The affidavits in the record accompanied by the results of the search of Badea's property provide enough of a factual basis to support the plea even if Badea had not admitted the elements of the pleaded crime.[6]
 
 III. Rule 35 motion
 
 20
 In Badea's Rule 35 motion he claims that his sentence is illegal because it is disproportionate in violation of the 8th amendment and it was based on false information.[7]
 
 A. Standard of Review
 
 21
 The legality of a sentence is a question of law reviewable de novo. U.S. v. McCrae, 714 F.2d 83, 84 (9th Cir.) cert. denied 104 S.Ct. 506 (1983).
 
 B. Proportionality of Sentence
 
 22
 Badea argues that his sentence was disproportionate because he was entrapped, he did not initiate the offense and there were no victims. As evidence appellant describes cases in which he believes that the defendant was more culpable but received a lesser sentence.
 
 
 23
 Badea pled to possession of a device making machine in violation of Title 18 Sec. 1029(a) and (c) of the U.S.Code. The maximum penalty for this offense is 15 years and a fine up to $250,000. 18 U.S.C. Sec. 1029(c)(2). Badea was given a sentence of 8 years and no fine.
 
 
 24
 A sentence which falls within statutory limits is not subject to appellate review absent an abuse of discretion. U.S. v. Chicago, 699 F.2d 1012, 1014 (9th Cir.) cert. denied 464 U.S. 854 (1983); U.S. v. Savinovich, 845 F.2d 834, 838 (9th Cir.) cert. denied 109 S.Ct. 369 (1988); Dorszynski v. U.S. 418 U.S. 424 (1974). Within the statutory limits a district court has no obligation to harmonize its view of an appropriate sentence with that of other district courts. U.S. v. Barker, 771 F.2d 1362, 1367 (9th Cir.1985). There is no evidence that the judge abused his discretion.
 
 C. False Information in Sentencing
 
 25
 Badea contended in his Rule 35(a) motion that materially false information was used as a basis for his sentence. An examination of the record reveals, however, that the information referred to in Badea's assertions either were not used as a basis for the sentencing or were not false.
 
 
 26
 Badea argues first that the district court improperly took into consideration an unadjudicated criminal charge in California. In the sentencing hearing, however, the judge stated on the record that he had not given that charge a lot of weight. (Sentencing at 36).
 
 
 27
 Second, Badea argues that the judge considered a state conviction on April 9, 1987 for forgery when, in fact, it was a pending action that was later reduced to a misdemeanor offense and adjudicated two weeks after sentencing. During the sentencing hearing the judge confused Badea's 4/9/87 pending forgery charge and his 10/11/86 possession of stolen property and burglary conviction that was awaiting sentencing in state court. The lower court judge was corrected by Badea's counsel, however, during the sentencing hearing and the judge only considered the stolen property conviction. (Sentencing Hearing at 37).
 
 
 28
 Finally, Badea challenges the trial court's conclusion that Badea's involvement in the crime "was substantial" and that "[t]his was a major case ... of perpetration of fraud." (Sentencing Hearing at 37-38). There is enough evidence in the record to support the trial court's determination that Badea's involvement was significant enough to require an eight year term. Accordingly, the judgment of the district court is Affirmed.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Badea has also filed a motion for enlargement of the record on appeal. He seeks to prove that the embosser found in the search never existed. Because Badea admitted under oath that he possessed the embosser (Change of Plea Hearings at 27-28) and until this appeal has never refuted that fact, it is not an open issue on appeal and no enlargment will be permitted. See McCarthy v. United States, 394 U.S. 459, 466 (1969)
 
 
 [2]
 Badea argues that the government and the Magistrate erred because they discuss only the affidavit underlying the federal warrant and not the affidavit used in the state warrant. The basis for both warrants was the same affidavit
 
 
 [3]
 Badea also argues that Agent Flowers' affidavit contained intentionally false statements and that he is entitled to a hearing on this issue pursuant to the Supreme Court's holding in Franks v. Delaware, 438 U.S. 154 (1978). Badea has not made the necessary "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by an affiant in the warrant affidavit for the search warrant...." Franks, 438 U.S. at 155-56. Moreover, even if Badea is correct and Flowers incorrectly identified his source of the information there was still probable cause
 
 
 [4]
 Badea also requested discovery arguing that the government had information that would prove that the affidavit which provided the basis of the search warrant contained false statements, that Badea had ineffective assistance of counsel, was denied compulsory process and that entrapment was a valid defense. "Decisions to hold hearings and conduct discovery in [Sec. 2255 cases] are committed to the court's discretion." Watts, 841 F.2d at 277
 All counts except count 55 were dismissed. Any discovery as to those counts is unnecessary. Thus, discovery as to the entrapment defense is moot. Badea has failed to show how the government conceivably could have any evidence demonstrating that Badea had ineffective counsel or was denied compulsory process by the court. Finally, the court was within its discretion in denying discovery on the affidavit. Badea has not provided anything but unsworn assertions that the government is withholding information on the affidavit's validity. Certainly, without more, the lower court judge is not required to allow discovery.
 
 
 [5]
 Badea also asserts that his attorney Chesnoff had a conflict of interest because of his association with Mr. Kolman and the informant Galescu. "To establish a sixth amendment violation based on a conflict of interest, the defendant must show: 1) that counsel actively represented conflicting interests and 2) that an actual conflict of interest adversely affected his lawyer's performance." Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir.) cert. denied 109 S.Ct. 260 (1988). Badea failed to allege that Chesnoff represented either Kolman or Galescu
 
 
 [6]
 Additionally in his Sec. 2255 motion, Badea alleges that the government refused to release exculpatory information. The government supplied Badea with ten items of discovery and a joint statement declaring that the government had provided all the Brady material it possessed. There is no basis in the record to suggest that the government withheld evidence that would cast a reasonable doubt on Badea's guilt. Cf. Agurs, 427 U.S. at 112-13
 Badea also claimed that he was denied the right to proceed in forma pauperis and that because of this denial he was unable to compel witnesses and secure exculpatory evidence. Badea's first motion was denied "without prejudice to review should petitioner make and prove detailed account of the expenditure of the income he received." (vol. 2 # 65). On March 4, 1988 Badea filed another motion from prison and it was granted (vol. 3, # 115). Badea pled on July 29, 1987. The judge did not abuse his discretion in requiring detailed financial information before waiving fees. Moreover, Badea provided no proof of any evidence or witnesses he needed between May and July and was unable to compel because of lack of funds.
 
 
 [7]
 Badea also requested a hearing. The court had a sentencing hearing on October 14, 1987 at which Badea was allowed to challenge the presentence report and offer any evidence to the court. Badea in his Rule 35 motion did not suggest any additional arguments or evidence. Because there appears to be nothing new to be considered, the lower court judge was well within his discretion in not granting a new hearing