967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Dale TOLES, Defendant-Appellant.
 No. 91-16073.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Roger Toles appeals the district court's denial of his pro se motion to vacate his sentence under 28 U.S.C. § 2255. Toles pled guilty to bank robbery, 18 U.S.C. § 2113(a), but now contends he committed nothing more than bank larceny, 18 U.S.C. § 2113(b). Toles alleges several errors related to his indictment for bank robbery rather than bank larceny. Toles also argues that the district court did not comply with Federal Rule of Criminal Procedure 11 (Rule 11) in accepting his guilty plea. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 OVERVIEW
 
 3
 Toles was indicted on September 8, 1989 for robbing the First Interstate Bank in Fresno, California. The principle evidence against Toles consisted of (1) the eyewitness testimony of a teller and (2) a clear picture of the culprit taken by a bank surveillance camera.
 
 
 4
 On November 6, 1989, Toles appeared in court with counsel and pled guilty to one count of bank robbery. At that time, Toles signed a Memorandum of Plea Agreement. Paragraph eight of the plea agreement specifically advised Toles that by pleading guilty he would be waiving the right to trial by jury, the right to confront witnesses against him, and the privilege against self-incrimination.
 
 DISCUSSION
 
 5
 Toles first argues that he should have been charged with bank larceny rather than bank robbery. Bank larceny differs from bank robbery in that larceny does not involve the use of force or intimidation. See 18 U.S.C. §§ 2113(a) & (b).
 
 
 6
 Toles alleges that the following errors stem from his indictment for robbery instead of larceny: (1) the district court lacked jurisdiction; (2) there was insufficient evidence to convict him of bank robbery; (3) he did not receive effective assistance of counsel because defense counsel misinformed him that the indictment was proper; and (4) his plea was involuntary inasmuch as Toles relied on defense counsel's erroneous assertion that the indictment was proper.
 
 
 7
 Initially, we address Toles's contention that he was improperly indicted for robbery. We reject this contention for two reasons. First, the record supports Toles's indictment for robbery and Toles adduces no evidence to support his contention that the indictment is defective. Second, Toles pled guilty to the robbery charge. It is well settled that "a plea of guilty admits all averments of facts in the indictment, all defects not jurisdictional are cured, [and] all defenses are waived ...." United States v. Davis, 452 F.2d 577, 578 (9th Cir.1971); see also United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir.1987). Having pled guilty to bank robbery, Toles waived the defense that the indictment was defective. Davis, 452 F.2d at 578.
 
 
 8
 We also reject the specific errors which Toles alleges. First, jurisdiction vests in the district court because Toles was properly indicted under 18 U.S.C. § 2113(a). Second, Toles admitted all averments of fact in the indictment by pleading guilty and cannot now raise a sufficiency of the evidence defense. Davis, 452 F.2d at 578. Finally, because Toles's indictment was proper, defense counsel did not err by informing Toles that he was properly charged with bank robbery. Therefore, Toles has no claim that his counsel was incompetent or his plea involuntary on the grounds that defense counsel misled him.
 
 
 9
 In addition to the above claims, Toles also alleges that reversal is mandated because the trial court did not comply with Rule 11 in accepting the guilty plea. Specifically, Toles contends that the trial court (1) violated Rule 11(f) by not establishing a factual basis for the plea, (2) violated Rule 11(d) by not inquiring whether Tole's plea was voluntary, and (3) ignored Rule 11(c), which requires the trial court to discuss with the defendant on the record key rights which are waived by a guilty plea.
 
 
 10
 We reject Toles's first two contentions. The transcripts from the change of plea hearing reveal that the court did establish a factual basis for the plea and Toles did state that his plea was not coerced. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (solemn declarations in open court carry a strong presumption of verity).
 
 
 11
 Toles's third claim is that the district court ignored Rule 11(c) by not establishing on the record that Toles understood the constitutional rights he was waiving by pleading guilty. Paragraph eight of the plea agreement warned Toles that by pleading guilty he would waive his right to a jury trial, his right to confront witnesses, and his privilege against self-incrimination. The rights set out in paragraph eight are the same rights Rule 11(c) requires the trial court to discuss with the defendant before accepting a plea agreement. Fed.R.Crim.P. 11(c); see also Boykin v. Alabama, 395 U.S. 238, 242-43 (1969) (trial judge must assure through an on-the-record discussion with the accused that the accused understands that he or she is waiving the constitutional privileges to avoid compulsory self-incrimination, to confront his or her accusers, and to a trial by jury).
 
 
 12
 Before accepting Toles's plea, the trial court asked Toles: "Now, in paragraph eight of the [plea agreement] it sets forth certain rights that you will give up if you plead guilty and I accept your plea. As you read these rights did you understand them?" Toles responded, "Yes, I did." The court did not query Toles further on whether he understood the constitutional rights which he was giving up by pleading guilty.
 
 
 13
 Our review of the record supports Toles's claim that the trial court did not comply fully with Rule 11(c). The court should have discussed the waiver of the right to trial by jury, the right to confront witnesses, and the privilege against self-incrimination with Toles in open court, rather than relying on the plea agreement furnished by the prosecutor. See McCarthy v. United States, 394 U.S. 459 (1969). However, the failure of the trial court to conduct a full Rule 11 colloquy does not require reversal.
 
 
 14
 The Supreme Court has made clear that collateral relief from a conviction based on a guilty plea is not available based solely on a technical violation of Rule 11. United States v. Timmreck, 441 U.S. 780, 783-85 (1979). We have held that for a section 2255 movant to successfully challenge a guilty plea based on a violation of Rule 11, a person must establish that the error was "inconsistent with the rudimentary demands of fair procedure" or resulted in a "complete miscarriage of justice." United States v. Rivera-Ramirez, 715 F.2d 453, 456 (9th Cir.1983) (citing Timmreck, 441 U.S. at 783-84), cert. denied 467 U.S. 1204 (1984); cf. Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.").
 
 
 15
 Toles does not claim either that he was unaware that by pleading guilty he was waiving his constitutional rights or that he was prejudiced by the trial court's noncompliance with Rule 11(c). To the contrary, Toles stated in open court that he understood the rights he was waiving and that no one coerced him into pleading guilty. See Chizen, 809 F.2d at 562.
 
 
 16
 Toles claims instead that the trial judge failed to enumerate each right Toles waived by pleading guilty. However, Boykin does not require that the trial judge specifically list each right waived by a defendant who pleads guilty. Wilkins v. Erickson, 505 F.2d 761, 763 (9th Cir.1974) ("Specific articulation of the Boykin rights is not the sine qua non of a valid guilty plea.... [W]e hold that Boykin does not require specific articulation of the above mentioned three rights....").
 
 
 17
 Toles has not met his burden of establishing that the Rule 11(c) error in his case resulted in a miscarriage of justice. Rivera-Ramirez, 715 F.2d at 456. Because Toles can claim "neither constitutional error nor any showing of special prejudice," Timmreck, 441 U.S. at 783, we reject his contention that the trial court's failure to fully follow the strictures of Rule 11(c) requires reversal on collateral review.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P 34(a); 9th Cir.R. 34-4. Accordingly, Tole's request for orgument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3