5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David Michael RODRIGUES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-15282.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1993.*
Decided Aug. 27, 1993.
 
 1
 Appeal from the United States District Court for the Eastern District of California; No. CV-91-00472-EDP, Edward D. Price, District Judge, Presiding.
 
 
 2
 E.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 MEMORANDUM***
 
 
 5
 Before BROWNING and CANBY, Circuit Judges, and KELLEHER** District Judge
 
 
 6
 Federal prisoner David Michael Rodrigues appeals the district court's denial of his second motion under 28 U.S.C. Sec. 2255 to set aside his conviction. Rodrigues pleaded guilty to conversion of funds pledged to the Farmers Home Administration, 18 U.S.C. Sec. 658, and to aiding and abetting violations of the Currency Transaction Reporting Act, 31 U.S.C. Secs. 5313 and 5322(b). Rodrigues now asserts that his conviction is invalid because the government withheld exculpatory evidence from him. In addition, Rodrigues suggests that the district court violated Rule 11(f) of the Federal Rules of Criminal Procedure when it entered judgment on his plea.
 
 
 7
 We affirm.
 
 DISCUSSION
 I. Exculpatory Evidence
 
 8
 Rodrigues contends that the district court erred in ruling that he is not entitled to relief on the ground that the government withheld exculpatory evidence from him. We disagree.
 
 
 9
 By pleading guilty, Rodrigues admitted all averments of fact in the indictment, waived all defenses to the charges against him, relieved from the prosecution from the duty of proving any facts and cured all defects not jurisdictional. United States v. Davis, 452 F.2d 577, 578 (9th Cir.1971); see also United States v. Broce, 488 U.S. 563, 569 (1989) (holding that guilty plea and conviction "comprehend all of the factual and legal elements necessary to sustain a binding final judgment of guilt and a lawful sentence"). When he entered his plea, Rodrigues acknowledged that he understood the charges against him and admitted that he had committed conversion. He does not allege that his plea was not made voluntarily and knowingly, and therefore, he may not now challenge the factual basis for his conviction. Broce, 488 U.S. at 574;
 
 
 10
 Furthermore, we are not convinced that the evidence allegedly withheld would have exculpatory effect. Rodrigues asserts that the government failed to disclose that the FHA had accepted a "full tender bid of all of the indebtedness secured by the crop lien." According to Rodrigues, the evidence is exculpatory because "the loss the Government experienced was expunged when on June 3, 1982, the Farmers Home Administration accepted as payment in full, the full tender bid, for all debts pledged to the Farmers Home Administration including the crop lien." In support of this assertion, Rodrigues has submitted a copy of the first page of a trustee's deed that reflects that the FHA foreclosed on a property owned by Rodrigues and his wife following their default on an FHA loan that was secured by a deed of trust in January 1976. Rodrigues states that "[t]his Trust Deed of Sale is a 'FULL TENDER BID,' " and that by accepting this bid, the FHA "relinquished there [sic] right to money or property after that date."
 
 
 11
 Yet nowhere on the document is there any indication that the government's foreclosure on the 1976 deed of trust extinguished Rodrigues's 1981 debt to the FHA and relieved him of the obligation to turn over the proceeds from the sale of the black-eyed bean crop. Nor does the record contain any evidence in support of this proposition. Rodrigues has not demonstrated that the evidence allegedly withheld could be material to the issues of guilt or punishment or that there is a reasonable possibility that the suppressed evidence could have materially affected his sentence. Cf. United States v. Lehman, 792 F.2d 899, 901 (9th Cir.) (holding that suppression of evidence favorable to the accused requires reversal if defendant demonstrates that there is a reasonable possibility that the suppressed evidence would have materially affected the sentence) (citing Brady v. Maryland, 373 U.S. 83 (1963)), cert. denied, 479 U.S. 868 (1986). His unsupported allegation is not enough to establish that he is entitled to relief under section 2255. Id.[1]
 
 II. Rule 11(f)
 
 12
 Rodrigues suggests that the district court violated Rule 11(f) of the Federal Rules of Criminal Procedure by entering judgment on Rodrigues's plea without making the necessary inquiry into the factual basis for the plea. We reject this suggestion.
 
 
 13
 When Rodrigues entered his plea, he admitted that the facts alleged in the counts against him were true. In addition, the court had before it the presentence report and Rodrigues's lengthy written statement of objections. There is no indication that the court remained deliberately ignorant of the full tender bid or deliberately failed to take account of any exculpatory evidence. Rodrigues has failed to show that the district court's inquiry was "inconsistent with the rudimentary demands of fair procedure" or it led to a miscarriage of justice. United States v. Rivera-Ramirez, 715 F.2d 453, 456-57 (9th Cir.1983), cert. denied, 467 U.S. 1215 (1984) (citing United States v. Timmreck, 441 U.S. 780, 784 (1979)).
 
 
 14
 Accordingly, we conclude that the district court did not, in entering judgment on Rodrigues's plea, violate Rule 11(f). Rivera-Ramirez, 715 F.2d at 456-57 (holding that Rule 11 does not dictate what methods the court should use to make an inquiry into guilty plea); Fed.R.Crim.P. 11, Advisory Committee Notes on 1974 Amendment (providing that "[an] inquiry might be made of the defendant, of the attorneys for the government and the defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case").
 
 
 15
 We AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4.** The Honorable Robert J. Kelleher, Senior United States District Court for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Similarly, we would not regard as exculpatory the fact that, by accepting the "full tender bid," the FHA had assigned the debt to a third party. The fact that the FHA had assigned the debt would not relieve Rodrigues of liability for converting funds that were pledged to the FHA. See 18 U.S.C. Sec. 658