110 F.3d 72
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Anthony WHIPPLE, Defendant-Appellant.
 No. 96-55780.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Jeffrey Anthony Whipple appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence imposed following his guilty plea to three counts of bank robbery in violation of 18 U.S.C. § 2113. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Whipple contends that Congress lacked authority to criminalize bank robbery and that the district court lacked subject matter jurisdiction over his offense. His contention lacks merit.
 
 
 4
 Congress did not exceed its power under the Commerce Clause by enacting the federal bank robbery statute. See United States v. Harris, No. 96-35373, slip op. 2637,2640 (9th Cir. March 10, 1997). The district court has jurisdiction over a bank robbery offense if the institution robbed is insured by the Federal Deposit Insurance Corporation. See 18 U.S.C. § 2113; United States v. Mohawk, 20 F.3d 1480, 1482 n. 1 (9th Cir.1994) ("[b]ecause the bank was a federally insured institution, the district court had jurisdiction under 18 U.S.C. § 2113"). The federal jurisdiction over robbery offenses is not limited to those occurring on federal land. See 18 U.S.C. §§ 2113, 3231. When a defendant pleads guilty, he admits the factual allegations in the indictment that form the predicate for federal jurisdiction. See United States v. Davis, 452 F.2d 577, 578 (9th Cir.1971) (per curiam).
 
 
 5
 The indictment alleged that Whipple robbed a bank insured by the Federal Deposit Insurance Corporation. Thus, the offense was subjected to the jurisdiction of the district court. See 18 U.S.C. §§ 2113, 3231; Mohawk, 20 F.3d at 1482 n. 1; see also Toles, 308 F.2d at 594. Because Whipple pled guilty to bank robbery and specifically agreed that the bank he robbed was federally insured, he admitted the federal jurisdiction over his offense. See Davis, 452 F.2d at 578.
 
 
 6
 Whipple also appears to argue that federal courts only have jurisdiction over offenses committed on federal land. This argument is frivolous. See 18 U.S.C. §§ 2113, 3231; see also United States v. Adams, 581 F.2d 193, 200 (9th Cir.1978) (federal jurisdiction over murders of postal employees is not limited to those occurring on federal land).
 
 
 7
 Whipple next that he was deprived of his right to a speedy trial under the Speedy Trial Act because more than eighteen months elapsed between his state arrest and the filing of the federal indictment. This court has held, however, that the date of a defendant's state arrest does not initiate federal prosecution for the purpose of his speedy trial right. See United States v. Soto, 1 F.3d 920, 923 (9th Cir.1993). Because Whipple's right to a speedy trial did not arise until the date of his federal arrest, and because he was indicted within thirty days of his federal arrest, there was no violation of his rights under section 3161(b) of the Speedy Trial Act. See id.
 
 
 8
 Finally, Whipple contends that he received ineffective assistance of counsel because his attorney did not make the above arguments. Given our disposition of these claims, Whipple cannot show the requisite prejudice to establish ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 697 (1984).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3