116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Isodore KAHN, Defendant-Appellant.
 No. 95-55481.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 6, 1997*
Decided June 4, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CV-94-00233-WBE, D.C. No. CR-89-00460-WBE; William B. Enright, District Judge, Presiding.
 Before: MAGILL**, RYMER, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The parties are familiar with the facts of this case, and we will not restate them here. We review de novo a district court's decision to deny a section 2255 petition for habeas corpus. United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996). We review the court's factual findings for clear error. Id. After thorough consideration of the record and the briefs, we affirm.
 
 Ineffective Assistance of Counsel
 
 3
 To establish a claim of ineffective assistance of counsel, a party must prove: (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Effective assistance of counsel also entitles criminal defendants to conflict-free counsel. United States v. Mett, 65 F.3d 1531, 1534 (9th Cir.1995), cert. denied, 117 S.Ct. 185 (1996). A defendant who raised no objection at trial must demonstrate that an actual conflict adversely affected his lawyer's performance. Id. (citing Cuyler v. Sullivan, 446 U.S. 335 (1980)).
 
 
 4
 Kahn contends that attorney Joseph Milchen's conflicts of interest rendered his assistance of counsel ineffective. We find Kahn's claims unpersuasive. First, Kahn raises no facts to dispute the district court's finding that Joseph Milchen was not actually Kahn's trial counsel. In fact, as the district court noted, the court appointed Douglas Brown to represent Kahn during trial. Second, Kahn fails to show an actual conflict or that such conflict adversely affected the performance of his counsel at trial or on appeal. See Mett, 65 F.3d at 1534.
 
 Advice of Counsel Defense
 
 5
 Kahn asserts that he is insulated from liability because he relied on the advice of counsel that his conduct was legal. To receive a jury instruction on "advice of counsel," Kahn would have had to show: (1) that he fully disclosed all material facts to his attorney; and (2) that he relied in good faith on the specific course of conduct recommended by his attorney. United States v. Ibarra-Alcarez, 830 F.2d 968, 973 (9th Cir.1987). The district court made a factual finding that Kahn did neither, and Kahn has failed to point this court to any evidence that might rebut this conclusion.
 
 Sentencing
 
 6
 Kahn asserts that the sentencing court impermissibly punished him for exercising his constitutional right to stand trial. As evidence, Kahn points to alleged disparities between his sentence and the sentences received by his codefendants and a defendant in an unrelated but similar case.
 
 
 7
 We note initially that "[t]he sentence imposed by a federal district judge, if within statutory limits, is generally not subject to review." United States v. Yarbrough, 852 F.2d 1522 (9th Cir.) cert. denied, 488 U.S. 866 (1988). The sentencing judge did not violate Kahn's constitutional rights by sentencing Kahn to a more severe sentence than those received by his codefendants. Kahn owned the operation, and he acted as the supervisor and manager of the various stores. Moreover, Kahn's codefendants--who were his subordinates--were convicted of lesser offenses. As this Court noted in United States v. Garrett: "It is well within the discretion of the sentencing judge to impose disparate sentences upon the codefendants if the circumstances so require." 680 F.2d 650, 652 (9th Cir.1982).
 
 Double Jeopardy
 
 8
 Kahn argues that the Government's separate civil forfeiture proceedings and criminal prosecution constitute a violation of the double jeopardy clause under United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994). However, this case was overruled. The Supreme Court has held that civil forfeitures are not "punishment" for purposes of the double jeopardy clause. United States v. Ursery, 116 S.Ct. 2135 (1996). Kahn's argument to the contrary is without merit.
 
 
 9
 Estoppel, Conspiracy, and Continuing Criminal Enterprise
 
 
 10
 Kahn's final arguments are: (1) that the Government should be equitably estopped from prosecuting him because he relied on statements from various government officials that his conduct was legal; (2) that he was improperly convicted of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848; and (3) that he lacked the requisite criminal intent for a conspiracy conviction. The district court correctly held that it did not have the jurisdiction to consider these issues because this court had previously decided these claims in a 1995 proceeding. See Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987) ("[A] district court cannot entertain, even in a matter properly before it, a petition by a party which in effect seeks to undo our court's resolution of a matter first addressed to and fully and fairly adjudicated by it.").
 
 Conclusion
 
 11
 For the above reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 Honorable Frank J. Magill, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3