125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricardo NOVERA, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Virgil E. SAMUELA, Defendant-Appellant.
 Nos. 96-10499, 96-10509.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 16, 1997**
Decided Oct. 1, 1997.
 
 Appeal from the United States District Court for the District of Hawaii, Helen Gillmore, District Judge, President; Nos. CR-96-00040-1-HG, CR-96-00040-HG.
 MEMORANDUM*
 Before: BROWNING, CHOY, and THOMPSON, Circuit Judges.
 
 I.
 
 1
 Because Novera asserted that the Federal Bureau of Prisons' inability to care for him supported a downward departure, the district court properly held Novera bore the burden of demonstrating that factor. The defendant bears the burden of showing the appropriateness of a downward departure from the sentencing guidelines, see United States v. Cantu, 12 F.3d 1506, 1511 (9th Cir.1993), and a fortiorari this burden embraces any factor proffered by the defendant in support of a downward departure.
 
 
 2
 We are without authority to review the district court's discretionary decision to deny Novera's motion for downward departure. See United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). "The court's silence regarding authority to depart is not sufficient to indicate that the court believed it lacked power to depart," United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991), and the record does not support an inference that the district court judge believed herself to be without such authority. The district court judge recognized Novera was physically impaired, but nonetheless declined to reduce Novera's sentence on that basis. United States v. Brown, 985 F.2d 478 (9th Cir.1993), is distinguishable: in that case, the district court repeatedly stated it lacked authority to depart downward. See id. at 480.
 
 
 3
 Even if the district court's refusal to depart downward were reviewable, we would affirm. Although Novera proffered evidence that he was physically impaired, this evidence was counterbalanced by his apparent ability to lead a normal life and to attack at least two people. Novera produced no evidence that the Bureau of Prisons would be unable to accommodate him.
 
 
 4
 The district court did not err in enhancing Novera's sentence based upon his use of his crutches as weapons. The indictment to which Novera pled guilty included a charge of "assaulting the victim with a dangerous weapon, to wit, crutches, with intent to do bodily harm, and without just cause or excuse," and Novera's "plea of guilty admits all averments of fact in the indictment." United States v. Davis, 452 F.2d 577 (9th Cir.1971) We reject Novera's claim that an improper disparity exists between his sentence and Tuitasi's sentence. Disparity in the sentences imposed upon codefendants does not in itself constitute abuse of discretion on the part of the sentencing judge. See United States v. Garrett, 680 F.2d 650, 652 (9th Cir.1995). The sentencing judge must explain any substantial disparity in the sentences imposed upon different individuals for the same criminal activity, but need not set forth a formal statement of reasons. See United States v. Bischel, 61 F.3d 1429, 1437 (9th Cir.1995). Assuming arguendo that a substantial disparity exists between Novera's sentence and Tuitasi's sentence, the explanation given by the trial judge supports the difference: (1) while Novera pled guilty to all three counts in the indictment, including assault with a dangerous weapon, Tuitasi pled guilty only to assault with intent to commit a felony; and (2) a witness stated he saw Novera use his crutches to hit the victim; no witness stated he saw Tuitasi wielding the crutches.
 
 II.
 
 5
 We agree with counsel that Samuela's appeal raises no meritorious issues, and grant counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967).
 
 
 6
 The judgment is AFFIRMED, and Samuela's counsel's motion to withdraw is GRANTED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3