**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony MC NEAL, Defendant–
Appellant.**

No. 02–10438.

D.C. No. CR–98–00615–RCB.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge, TASHIMA and WARDLAW, Circuit Judges.

MEMORANDUM**

Anthony Charles Mc Neal appeals his 106–month sentence that was imposed at re-sentencing following a remand from this court and predicated on his guilty plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a), and 2, and possession or use of a fire arm while committing a crime of violence, in violation of 18 U.S.C. § 924(c) and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The government argues that this Court should not reach the merits of this appeal because Mc Neal's notice of appeal ("NOA") is untimely and because Mc Neal waived the issue by failing to raise it in his earlier appeal. The government is mistaken on both grounds. *See Smith v. Barry,* 502 U.S. 244, 248–49, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992); *Andrade v. Attorney General of the State of California,* 270 F.3d 743, 753 (9th Cir.2001) (holding that a court may construe a motion to extend time as an NOA if it meets the notice requirements in Federal Rules of Appellate Procedure, Rule 3), *rev'd on other grounds,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *United States v. Caperell,* 938 F.2d 975, 977 (9th Cir.1991) (stating "[a]lthough a guilty plea generally waives all claims of constitutional violation occurring before the plea, 'jurisdictional' claims are an exception to this rule").

Mc Neal argues that the district court erred by accepting his plea because the government did not adequately demonstrate that the bank involved in the robbery was federally insured. Appellant is mistaken. *See United States v. Davis,* 452 F.2d 577, 578 (9th Cir.1971) (holding that the government, upon a guilty plea, was not required to prove that the deposits were FDIC insured, as alleged in the indictment, because the defendant's guilty plea admitted all averments of fact contained in the indictment); *United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987) (reading *Davis* to "stand for the proposition that a guilty plea admits even those

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

factual allegations in the indictment that form the predicate for federal jurisdiction").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.