UNITED STATES of America,
Plaintiff–Appellee,

v.

Balwinder KAHLON, Defendant–
Appellant.

No. 93–10741.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 1994 *.

Memorandum filed Sept. 21, 1994.

Decided Oct. 20, 1994.

* The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

468

Anthony P. Capozzi, Law Offices Anthony P. Capozzi, Fresno, CA, for defendant-appellant.

Mark E. Cullers, Asst. U.S. Atty., Fresno, CA, for plaintiff-appellee.

Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,** District Judge.

## ORDER

The memorandum disposition filed September 21, 1994, is redesignated as an authored opinion by Judge Farris.

## OPINION

FARRIS, Circuit Judge.

Balwinder Kahlon appeals his jury conviction and sentence for conspiracy and bribery of a public official in violation of 18 U.S.C. §§ 371 & 201(b)(1)(A). He contends that the district court lacked jurisdiction because the

---

** The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation.

grand jury did not return his indictment in open court. He also contends that the district court erroneously ruled that Kahlon committed more than one act of bribery. We affirm.

## BACKGROUND

On March 26, 1992, a federal grand jury indicted Kahlon with one count of conspiracy and three counts of bribery of a public official in violation of 18 U.S.C. §§ 371 & 201(b)(1)(A). The grand jury did not return their indictment in open court. Instead, the government emptied the courtroom of all spectators, lawyers,. witnesses, and anyone else not associated with the grand jury. The only people remaining were the judge, grand jury members, United States Attorney, and other court personnel. Nearly a year later a jury convicted Kahlon on all counts.

The Presentence Report set Kahlon's base offense level at 10. The report adjusted the base offense level upward two levels based upon its finding that more than one act of bribery occurred. Kahlon's base offense level was further· adjusted upward five levels based upon a finding that the total monetary amount of the bribes was $52,000. The Presentence Report calculated Kahlon's guideline range to be 24 to 30 months.

Kahlon was sentenced on November 23, 1993. The district court found that

In this case, the court is convinced from the evidence that all of the defendants were tied to the same conspiracy; hence, all of the money involved in all of the bribes must be taken in account.

## DISCUSSION

### I. STANDARD OF REVIEW

Kahlon's objections to the indictment raise questions of law which are reviewed de novo. *United States v. Montilla,* 870 F.2d 549, 551 (9th Cir.1989), *amended,* 907 F.2d 115 (9th Cir.1990). With regard to Kahlon's sentence, a district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. *United States v. Colussi,* 22 F.3d 218, 219 (9th Cir.1994). The district court's factual findings in the sentencing phase are reviewed for clear error. *United States v. Chapnick,* 963 F.2d 224, 226 (9th Cir.1992).

### II. QUESTIONS BEFORE THE COURT

The grand jury returned the .indictment to a magistrate judge when the court was in closed session. Federal Rule of Criminal Procedure 6(f) states that "[t]he indictment shall be returned by the grand jury to a federal magistrate judge in open court." Kahlon argues that the district court lacked jurisdiction because the failure to return the indictment in open court violated Rule 6(f) and the Fifth ·Amendment's grand jury clause. Kahlon did not raise his objection to the defect in the grand jury proceeding at or before trial. He raises it for the first time on appeal.

■ Issues not presented to the trial court cannot generally be raised for the first time on appeal. *United States v. Conkins,* 987 F.2d 564, 569 (9th Cir.1993); *United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir. 1991). However, the Federal Rules of Criminal Procedure provide that objections to the jurisdiction of the court may be raised at any time during the pendency of the proceedings. Fed.R.Crim.P. 12(b); *see also Blackledge v. Perry,* 417 U.S. 21, 30, 94 S.Ct. 2098, 2103– 04, 40 L.Ed.2d 628 (1974); *United States v. Durham,* 941 F.2d 886, 892 (9th Cir.1991). Jurisdictional claims permitted under Rule 12(b) include allegations that "the applicable statute is unconstitutional or that the indictment fails to state an offense." *Montilla,* 870 F.2d at 552 (internal quotations omitted).

■ Kahlon's·claim is not a jurisdictional claim. He does not claim that section 922(a)(1)(A) is unconstitutional or that. his indictment failed to state an offense that the government could constitutionally prosecute. He objects instead to a procedural defect in the entry of the indictment.

Under the Federal Rules, objections to "defects in the institution of the prosecution" must be made before trial. Fed.R.Crim.P. 12(b)(1). "[I]rregularities in grand jury proceedings" are considered to be defects in the institution of the prosecution within the meaning of Rule 12(b)(1). *See* Notes of Advisory Committee on the Criminal Rules to Rule 12; *United States v. Smith,* 866 F.2d 1092, 1095–98 (9th Cir.1989). Failure to raise such defects before trial results in waiver of the objections. Fed.R.Crim.P. 12(f).

### III. SENTENCING ISSUES

■ Under the applicable provision of the Sentencing Guidelines, an upward increase of two levels is required where the defendant commits more than one bribe. U.S.S.G. § 2C1.1(b)(1). The application notes to section 2C1.1 explains that "related payments that, in essence, constituted a single incident of bribery ... (e.g., a number of installment payments for a single action) are to be treated as a single bribe ..., even if charged in separate counts." U.S.S.G. § 2C1.1(b)(1), comment. (n. 6).

The district court reviewed the record and concluded that the payments made were not part of a single incident of bribery. That conclusion is not clearly erroneous. Kahlon made payments to promote different applications for work papers on December 12, 1990, December 14, 1990, and on January 17, 1991. Although the payments were part of a larger conspiracy, they were not installment payments for a single action.

A district court's factual determination that conduct is "relevant conduct" within the meaning of section 1B1.3 of the Sentencing Guidelines is reviewed for clear error. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). The Sentencing Guidelines permit the court to consider as relevant conduct "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

■ The Presentence Report arrived at the sum of $52,000, which Kahlon disputes, based on 8 incidents of bribery connected with Kahlon's conspiracy.

1. *$8,000* paid on November 28, 1990 by Narinder Bains and Nirmal Singh in the presence of Kahlon.

2. *$8,000* paid on December 12, 1990 by Narinder Bains to Araujo.

3. *$4,000* paid on December 12, 1990 by Om Parkash and Nirmal Singh in the presence of Kahlon.

4. *$7,000* paid on December 13, 1990 by Nirmal Singh to Agent Fichou.

5. *$10,000* paid on December 14, 1990 by Nirmal Singh in the presence of Kahlon.

6. *$5,000* paid on December 19, 1990 by Narinder Bains to Agent Fichou.

7. *$5,000* paid on January 15, 1991 by Narinder Bains to Agent Fichou.

8. *$5,000* paid on January 17, 1991 by Narinder Bains to Agent Fichou.

TOTAL is *$52,000.*

The district court's finding that the total amount of Kahlon's bribes equaled $52,000 is not clearly erroneous. Bribes paid by others not in the presence of the defendant, but in furtherance of the conspiracy, can be "reasonably foreseeable." United States v. Motz, 936 F.2d 1021 (9th Cir.1991).

In resolving disputed sentencing issues, the district court may simply "adopt the conclusions in the presentence report, or state that the defendant did not meet the requirements under the sentencing guidelines provision." Colussi, 22 F.3d at 220. The district court went further. It found that Kahlon "was involved in each of the bribes [paid out by the conspiracy], and was equally involved with the other defendants." The court found that all of the bribes listed in the Presentence Report were reasonably foreseeable by Kahlon.

AFFIRMED.