60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Guy Hubert HALL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56388.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guy Hubert Hall was convicted, following a guilty plea, of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Hall contends that the indictment was not properly returned and he could not have knowingly entered his guilty plea because he had no personal knowledge that the bank was federally insured. Hall also contends that the district court should have allowed him an opportunity for discovery before denying his motion. We affirm.
 
 A. Return of the Indictment
 
 3
 A defendant relinquishes his challenge of an indictment if he forgoes the opportunity before entering his guilty plea. See United States v. Broce, 488 U.S. 563, 571 (1989); see also United States v. Kahlon, 38 F.3d 467, 469 (9th Cir.1994) (defendant waives his objections to procedural defects in the entry of the indictment if they are not raised before trial).
 
 
 4
 About twenty months after his guilty plea and conviction, Hall filed a motion to challenge his conviction, arguing that the indictment was not properly returned by the grand jury. Hall's challenge comes too late. See Broce, 488 U.S. at 571; Kahlon, 38 F.3d at 469.
 
 B. Voluntariness of the Plea
 
 5
 Hall contends that his guilty plea was infirm because he had no personal knowledge that the bank he robbed was federally insured. His contention lacks merit.
 
 
 6
 A defendant who pleads guilty conclusively admits all the factual allegations in the indictment, including facts that form the predicate for federal jurisdiction. See United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir.1987); United States v. Davis, 452 F.2d 577, 578 (9th Cir.1971) (per curiam). When a conviction upon a guilty plea is entered, a defendant may only collaterally attack his conviction based upon an involuntary plea. See Broce, 488 U.S. at 574; see also Fed.R.Crim.P. 11.
 
 
 7
 The indictment alleged that Hall robbed a bank insured by the Federal Deposit Insurance Corporation. At the change of plea hearing, the government reiterated that the bank was federally insured. Hall pleaded guilty without challenging this fact. See Mathews, 833 F.2d at 163-64; Davis, 452 F.2d at 578. Further, the record indicates that the district court complied with Fed.R.Crim.P. 11 in insuring that Hall's guilty plea was voluntary. See Broce, 488 U.S. at 574; see also Fed.R.Crim.P. 11.
 
 C. Denial of the Discovery
 
 8
 Hall sought discovery to establish that a different indictment existed in the case.[1] Since Hall had forgone his opportunity to challenge the indictment, the district court did not err in denying Hall discovery.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The difference between the indictment in the record and the indictment produced by Hall is that the latter one was not signed