124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig William LAVIN, Defendant-Appellant.
 No. 97-30056.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Filed September 15, 1997.
 
 Appeal from the United States District Court for the District of Montana, D.C. No. CR-94-00013-CL; Charles C. Lovell, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Craig William Lavin appeals his 51-month sentence imposed by the district court after he pleaded guilty to making a false statement in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's legal interpretation of the Sentencing Guidelines de novo, see United States 7. Wills, 88 F.3d 704, 721 (9th Cir.), cert. denied, 117 S.Ct. 499 (1996), and review for clear error its factual determinations regarding "relevant conduct" within the meaning of U.S.S.G. § 1B1.3, see United States v. Kahlon, 38 F.3d 467, 470 (9th Cir.1994). We affirm.
 
 
 3
 Lavin contends that the district court erred by enhancing his offense level by one point pursuant to U.S.S.G. § 2K2.1(b)(1) for three firearms being involved in his offense of conviction. This contention lacks merit.
 
 
 4
 Section 2K2.1(b)(1) provides that a defendant's base offense level be increased by one point if the offense involved three firearms. See U.S.S.G. § 2K2.1(b)(1)(A). The number of firearms involved in a particular offense is one of the "specific offense characteristics" determined by applying the relevant conduct test of section 1B1.3(a)(2). See U.S.S.G. § 1B1.3(a). The relevant conduct test in section 1Bl.3(a)(2), rather than that in section 1B1.3(a)(1), is appropriate because firearm offenses for which the base offense level is provided by section 2K2.1 are "of a character for which § 3D1.2(d) would require grouping of multiple counts." See U.S.S.G. § 1B1.3(a)(2); U.S.S.G. § 3D1.2(d) (stating that "[o]ffenses covered by" section 2K2.1 "are to be grouped under this subsection").
 
 
 5
 The relevant conduct test in section 1B1.3(a)(2) encompasses "all acts and omissions committed ... by the defendant ... that were part of the same course of conduct ... as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). The defendant's acts or omissions are considered within "the same course of conduct" as the offense of conviction if they are "sufficiently connected or related to" the offense of conviction "as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors that are appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. § 1B1.3, comment. (n. 9(B)); see United States v. Hahn, 960 F.2d 903, 910 (9th Cir.1992).
 
 
 6
 Here, Lavin's offense of conviction, making the false statement that he had not been convicted of a felony in order to purchase a firearm, was similar in character to his being a felon in possession of two other firearms. See id. Moreover, these three instances of illegal conduct occurred within a span of only three days. See id. Accordingly, the district court did not err by increasing Lavin's base offense level by one point pursuant to U.S.S.G. § 2K2.1.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3