**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher John MITCHELL,**
**Defendant–Appellant.**

No. 00–50592.
D.C. No. CV–00–00377–GAF–2.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided July 25, 2001.

---

Before KOZINSKI and TALLMAN, Circuit Judges, and COLLINS,* District Judge.

## MEMORANDUM **

Defendant–Appellant Christopher John Mitchell argues that the district court erred by enhancing his 18–month sentence for passing counterfeit currency under 18 U.S.C. § 472 based on obstructing justice and engaging in a joint undertaking that encompassed counterfeit currency exceeding a face value of $5,000. We affirm.

The district court properly held that an obstruction of justice adjustment under U.S. Sentencing Guidelines Manual § 3C1.1 is appropriate where an attempt to destroy evidence is accompanied by flight from, and violent struggle with, the arresting officers.

The district court did not clearly err by finding that Mitchell had agreed with co-defendant Buchanan jointly to pass counterfeit currency. *See United States v. Me-*

zas de Jesus, 217 F.3d 638, 642 (9th Cir. 2000) (reviewing district court's factual findings supporting a sentencing decision for clear error). The district court also did not clearly err by finding that Mitchell could reasonably have foreseen that his and Buchanan's joint undertaking might include counterfeit currency with a face value exceeding $5,000. *See United States v. Kahlon,* 38 F.3d 467, 470 (9th Cir.1994) (reviewing district court's factual determination of relevant conduct under U.S. Sentencing Guidelines Manual § 1B1.3 for clear error). Accordingly, the district court did not abuse its discretion by increasing Mitchell's offense level by two levels under U.S. Sentencing Guidelines Manual §§ 2B5.1(1) and 2F1.1(b)(1)(C). *See United States v. Leon–Reyes,* 177 F.3d 816, 824 (9th Cir.1999) (reviewing district court's application of the Sentencing Guidelines to the facts of a particular case for an abuse of discretion).

AFFIRMED.

COLLINS,* District Judge, dissenting.

Because I disagree with the majority's conclusions regarding the sentencing guidelines obstruction of justice adjustment and standard for determining relevant conduct, I respectfully dissent. The sentencing guidelines do not expressly authorize the majority's approach of amassing several elements of a defendant's conduct that would be insufficient standing alone to justify an obstruction of justice adjustment. The commentary to the

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

guidelines lists only one aggravating factor, materially hindering an investigation, that when coupled with an attempt to destroy evidence contemporaneous with arrest is sufficient for the two level adjustment. *See* U.S.S.G. § 3C1.1, cmt. n. 4(d) (2000). I disagree with the majority's approval of a cumulative approach and instead conclude that the district court abused its discretion in applying the obstruction of justice adjustment. *See United States v. Leon–Reyes,* 177 F.3d 816, 824 (9th Cir.1999).

When determining a defendant's relevant conduct, the district court must first define the scope of the criminal activity before concluding that the conduct was reasonably foreseeable. *See* U.S.S.G. § 1B1.3, cmt. n. 2 (2000); *United States v. Whitecotton,* 142 F.3d 1194, 1197–99 (9th Cir.1998). The district court did not consistently find that Mitchell agreed to pass all the counterfeit currency Buchanan manufactured. In fact, the pre-sentence report contained information that individuals other than Mitchell were passing the counterfeit currency Buchanan manufactured. Furthermore, there was no evidence before the district court that Mitchell and Buchanan's agreement extended beyond the $1800 that Mitchell actually attempted to pass. If Mitchell only agreed to pass counterfeit currency on two occasions, his relevant conduct should not include the total amount of counterfeit currency Buchanan manufactured. *See* U.S.S.G. § 1B1.3, ill. (c)(7) (2000). Due to the lack of a clear factual finding and the evidence contrary to the district court's conclusion, I disagree with the majority that the district court did not err in either its factual finding or application of the guidelines.

Because I maintain concerns regarding both the obstruction of justice adjustment and the scope of Mitchell's relevant conduct, I respectfully dissent and would remand this case for re-sentencing on both issues.