UNITED STATES of America,
Plaintiff–Appellee,

v.

Philip ALARCON, Defendant–
Appellant.

No. 01–50131.

D.C. No. CR–00–00589–LGB.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 28, 2002.

Before CANBY, BEEZER, and PAEZ,
Circuit Judges.

MEMORANDUM **

Philip Alarcon appeals his 33–month sentence imposed after conviction by guilty plea of aiding and abetting the interstate transportation of stolen motor vehicles, in violation of 18 U.S.C. §§ 2 and 2312. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Alarcon contends that the district court erred by including two motorcycles as relevant conduct under U.S.S.G. § 1B1.3(a)(1), resulting in an incorrect loss amount determination under U.S.S.G. § 2B1.1(b). We review for clear error a district court's determination that behavior is "relevant conduct" under the guidelines. *United States v. Kahlon,* 38 F.3d 467, 470 (9th Cir.1994). We also review for clear error a district court's determination of the amount of loss at sentencing. *United States v. Scrivener,* 189 F.3d 944, 949 (9th Cir.1999).

First, Alarcon contends that the government failed to prove by a preponderance of evidence that either the "Mgrdichian" motorcycle was stolen, or even if stolen, that it constituted relevant conduct. We disagree. The district court accepted as credible the testimony of an undercover agent who gave evidence that the motorcycle was stolen. The district court's determination that the Mgrdichian motorcycle was stolen, and that the theft was a reasonably foreseeable act in furtherance of jointly undertaken criminal activity, *see* U.S.S.G. § 1B1.3(a)(1), was plausible in light of the record. *See Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.,* 104 F.3d 1137, 1141 (9th Cir.1997) (citing *Anderson v. City of Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Accordingly, we conclude that there was no clear error.

Alarcon next contends that the district court erroneously attributed the loss amount of the "Mansion Mike" motorcycle. Even if we agreed with Alarcon's contention, the values of both the Mgrdichian and the Mansion Mike motorcycles must be excluded from the loss amount determination to have an effect on Alarcon's offense level. *See* U.S.S.G. § 2B1.1(b). In light of our determination regarding the Mgrdichian motorcycle, we do not reach Alarcon's claim regarding the Mansion Mike motor-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cycle. *See United States v. Garcia–Guizar*, 234 F.3d 483, 491 (9th Cir.2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly appellant's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.