MEMORANDUM **
Zenaida Reyes appeals from the 16-month sentence imposed following her guilty-plea conviction for bribery in violation of 18 U.S.C. § 201(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Reyes contends that the district court failed to resolve factual disputes or otherwise comply with the sentencing requirements of Federal Rule of Criminal Procedure 32 and U.S.S.G. § 6A1.3. These contentions lack merit. See United States v. Montenegro-Rojo, 908 F.2d 425, 429 & n. 3 (9th Cir.1990); see also United States v. Stoterau, 524 F.3d 988, 1011-12 (9th Cir.2008).
We reject Reyes’ contention that remand is required because the district court procedurally or otherwise erred by considering facts from the pre-sentence report during its 18 U.S.C. § 3553(a) analysis after stating that it would focus on the facts admitted to in the plea agreement. There was no reversible error on this record. See United States v. Gonzalez-Flores, 418 F.3d 1093, 1101 (9th Cir.2005); see also United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc).
Reyes also contends that the district court erred in applying a two-level increase in her offense level under U.S.S.G. § 2Cl.l(b)(l). She asserts that the district court was not permitted to consider relevant conduct that occurred outside the United States, and clearly erred in determining that there were two separate incidents of bribery. These contentions fail. See United States v. Kahlon, 38 F.3d 467, 470 (9th Cir.1994); see also United States v. Speelman, 431 F.3d 1226, 1232 (9th Cir.2005).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.