**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30038 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-05350-RBL-1 |
| v. | |
| TODD GEHMAN HOWARD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 12, 2011[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Defendant-Appellant Todd Howard appeals his convictions for harboring a

fugitive, in violation of 18 U.S.C. § 1071, and making a false statement, in

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1001. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I.      Sufficiency of the Evidence

Viewing the evidence in the light most favorable to the prosecution, a rational juror could have found all of the essential elements of both crimes beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

### A.      Harboring a Fugitive

The evidence was sufficient for the jury to have found that Howard knew about the warrant for Hughes's arrest. FBI Agent Kraus testified that he told Howard to his face that Hughes had a warrant out for his arrest and was wanted by the FBI. *Cf. United States v. Yarbrough*, 852 F.2d 1522, 1543 (9th Cir. 1988) (holding that the government may prove knowledge of the warrant by inference). A reasonable juror could have concluded that Howard need not have physically inspected the warrant to have knowledge that Hughes was wanted.

Howard provided food, shelter, a shower, and a ride to Hughes after being told that Hughes was a fugitive. This rises to the level of harboring or concealing. *See id.*; *see also United States v. Hill*, 279 F.3d 731, 738 (9th Cir. 2002). Hughes told Howard he needed a ride to the storage unit so that he could retrieve items to sell to aid in his disappearance. The evidence was sufficient for the jury to have

found that Howard harbored Hughes with the intent to prevent his discovery or arrest.

**B.     False Statement**

When asked by Agent Reid Nakamura whether he knew Hughes was wanted, Howard said that he did not know.  As already discussed, sufficient evidence supports the jury's conclusion that Howard knew about the warrant; that same evidence supports a conclusion that Howard's statement to Nakamura was false.

As Howard's statement pertained to the FBI's investigation of Hughes's flight from North Carolina, a jury could reasonably have found that the statement was material.  *See United States v. Boone*, 951 F.2d 1526, 1545 (9th Cir. 1991) ("The materiality requirement . . . is satisfied if the statement is capable of influencing or affecting a federal agency.").

Finally, Howard contests the sufficiency of the evidence of intent.  Because he raised this argument for the first time in his reply brief, it is waived, and we decline to address it.  *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**II.    Agent Kraus's Testimony**

Howard expressly stated in his trial brief that, subject to a few conditions, he did not object to Agent Kraus's proposed testimony about the Sovereign Citizen

movement. In the absence of an objection, we review the admission of evidence for plain error, and will only reverse if the appellant shows prejudice. *See United States v. Tisor*, 96 F.3d 370, 376 (9th Cir. 1996).

The majority of Agent Kraus's testimony, as appropriately limited by the district court, was relevant because it tended to show Howard's motive and intent. Even if some of the testimony might have been excluded had Howard objected as arguably irrelevant because the government failed to show that Howard himself held particular beliefs, any error in admitting the testimony was either not so obvious and clear-cut so as to be "plain," or it was clearly harmless in the context of the case.[1]

## III.   Validity of the Indictment

Howard waived any challenge to the validity of the indictment by failing to raise alleged defects in the grand jury proceedings before trial. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (holding that a defendant may waive his grand jury right and that defects in an indictment do not deprive a court of subject matter jurisdiction); *see also United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994)

---

[1]Howard's opening brief contains a passing mention of Kraus's supposed testimony concerning Howard's truthfulness. Without any citations to authority or to the record, or any attempt at argument, this completely undeveloped issue, if indeed it is an issue, is waived. *See United States v. Alonso*, 48 F.3d 1536, 1544 (9th Cir. 1995).

("Irregularities in grand jury proceedings are considered defects in the institution of prosecution . . . . Failure to raise such defects before trial results in waiver of the objections.").

AFFIRMED.



*United States v. Howard*, No. 10-30038

TASHIMA, Circuit Judge, concuring in part and dissenting in part:

I concur in all of the majority's disposition, except Part I.B.  Because I do not agree that the evidence is sufficient to sustain a conviction under 18 U.S.C. § 1001 for the making of a false statement to the FBI, I respectfully dissent in part.

The charged false statement is that Defendant Howard said to FBI Special Agent Reid Nakamura in response to Nakamura's question:

> Did you know [Hughes] was wanted?
>
> Howard:    Who is he wanted by?
>
> Nakamura:  The FBI.  He's wanted by the FBI and he has an arrest warrant.
>
> Howard:    No.  I didn't know.

Defendant contends that the statement, "No.  I didn't know," was not material, which is an essential element of a false statement charge.  *See United States v. Gaudin*, 515 U.S. 506, 509 (1995) ("[C]onviction . . . requires that the statements be 'material' to the Government inquiry, and that 'materiality' is an element of the offense that the Government must prove.").  The majority conclusorily states that "a jury could reasonably have found that the statement was material," Maj. Disp. at 3 (citing *United States v. Boone*, 951 F.2d 1526, 1545 (9th Cir. 1991) ("The materiality requirement . . . is satisfied if the statement is capable

of influencing or affecting a federal agency."), but the evidence does not support

this assertion. There was no testimony or other showing as to how the statement

could have "influenc[ed] or affect[ed]" the FBI. Agent Nakamura testified that the

question was "[j]ust a standard question," "a logical question." Moreover, as the

majority concedes, the FBI already knew the answer to the question because, as

FBI Special Agent Gregory Kraus testified at trial, "he told Howard to his face that

Hughes had a warrant out for his arrest and was wanted by the FBI." Maj. Disp. at

2. Thus, it is quite plain that Defendant's denial, "No. I didn't know," made at a

time when the FBI already knew that Defendant did know, was not a material

statement. There is no way that this statement could have influenced the FBI and,

indeed, it did not.

According to the Supreme Court, a "misrepresentation is material if it has a

natural tendency to influence, or was capable of influencing, the decision *of the*

*decision making body* to which it was addressed." *Kungys v. United States*, 485

U.S. 759, 770 (1988) (emphasis added). Similarly, we have said that "[a]

statement is considered material if it has the propensity to *influence agency action .*

*. . ." United States v. Vaughn*, 797 F.2d 1485, 1490 (9th Cir. 1986) (emphasis

added). The government must prove "that the false statement has the intrinsic

capability of influencing or affecting *the agency's or department's decision."*

-2-

*United States v. Facchini*, 874 F.2d 638, 643 (9th Cir. 1989) (en banc) (emphasis added). Here, there was no possibility that Defendant's false statement could have influenced or affected the agency's, *i.e.*, the FBI's, action because the FBI knew that the statement was false. After all, it was FBI Agent Kraus who told Defendant that Hughes was wanted and had an outstanding arrest warrant. That Agent Nakamura was momentarily misled because he did not then know all that the agency itself knew is of no moment. The statement was, in the circumstances, incapable of influencing the FBI – the agency.

Because the charged statement was not material, I would reverse the conviction on the false statement charge, Count 2, vacate the sentence, and remand for resentencing on the remaining count. I respectfully dissent from Part I.B of the majority's disposition.