MEMORANDUM **
Defendant-Appellant Todd Howard appeals his convictions for harboring a fugitive, in violation of 18 U.S.C. § 1071, and making a false statement, in violation of 18 U.S.C. § 1001. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
I. Sufficiency of the Evidence
Viewing the evidence in the light most favorable to the prosecution, a rational juror could have found all of the essential elements of both crimes beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
A. Harboring a Fugitive
The evidence was sufficient for the jury to have found that Howard knew about the warrant for Hughes’s arrest. FBI Agent Kraus testified that he told Howard to his face that Hughes had a warrant out for his arrest and was wanted by the FBI. Cf. United States v. Yarbrough, 852 F.2d 1522, 1543 (9th Cir.1988) (holding that the government may prove knowledge of the warrant by inference). A reasonable juror could have concluded that Howard need not have physically inspected the warrant to have knowledge that Hughes was wanted.
*571 Howard provided food, shelter, a shower, and a ride to Hughes after being told that Hughes was a fugitive. This rises to the level of harboring or concealing. See id.; see also United States v. Hill, 279 F.3d 731, 738 (9th Cir.2002). Hughes told Howard he needed a ride to the storage unit so that he could retrieve items to sell to aid in his disappearance. The evidence was sufficient for the jury to have found that Howard harbored Hughes with the intent to prevent his discovery or arrest.
B. False Statement
When asked by Agent Reid Nakamura whether he knew Hughes was wanted, Howard said that he did not know. As already discussed, sufficient evidence supports the jury’s conclusion that Howard knew about the warrant; that same evidence supports a conclusion that Howard’s statement to Nakamura was false.
As Howard’s statement pertained to the FBI’s investigation of Hughes’s flight from North Carolina, a jury could reasonably have found that the statement was material. See United States v. Boone, 951 F.2d 1526, 1545 (9th Cir.1991) (“The materiality requirement ... is satisfied if the statement is capable of influencing or affecting a federal agency.”).
Finally, Howard contests the sufficiency of the evidence of intent. Because he raised this argument for the first time in his reply brief, it is waived, and we decline to address it. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999).
II. Agent Kraus’s Testimony
Howard expressly stated in his trial brief that, subject to a few conditions, he did not object to Agent Kraus’s proposed testimony about the Sovereign Citizen movement. In the absence of an objection, we review the admission of evidence for plain error, and will only reverse if the appellant shows prejudice. See United States v. Tisor, 96 F.3d 370, 376 (9th Cir.1996).
The majority of Agent Kraus’s testimony, as appropriately limited by the district court, was relevant because it tended to show Howard’s motive and intent. Even if some of the testimony might have been excluded had Howard objected as arguably irrelevant because the government failed to show that Howard himself held particular beliefs, any error in admitting the testimony was either not so obvious and clear-cut so as to be “plain,” or it was clearly harmless in the context of the case.[1]
III. Validity of the Indictment
Howard waived any challenge to the validity of the indictment by failing to raise alleged defects in the grand jury proceedings before trial. See United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (holding that a defendant may waive his grand jury right and that defects in an indictment do not deprive a court of subject matter jurisdiction); see also United States v. Kahlon, 38 F.3d 467, 469 (9th Cir.1994) (“Irregularities in grand jury proceedings are considered defects in the institution of prosecution .... Failure to raise such defects before trial results in waiver of the objections.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Howard’s opening brief contains a passing mention of Kraus’s supposed testimony concerning Howard's truthfulness. Without any citations to authority or to the record, or any attempt at argument, this completely undeveloped issue, if indeed it is an issue, is waived. See United States v. Alonso, 48 F.3d 1536, 1544 (9th Cir.1995).