NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10343 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-08052-DGC-1 |
| v. | |
| LOREN JOEL MCREYNOLDS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 17, 2020**
Phoenix, Arizona

Before: TALLMAN, BYBEE, and BADE, Circuit Judges.

Defendant-Appellant Loren Joel McReynolds appeals his forty-six-month

sentence of imprisonment following his conviction by guilty plea to possession of

a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

McReynolds argues that the district court erred in finding his illegal possession of the Bushmaster AR-15 rifle, charged in Count 12 of the indictment—which remained pending at the time of sentencing—was relevant conduct when calculating his base offense level. "A district court's factual determination that conduct is 'relevant conduct' within the meaning of section 1B1.3 of the Sentencing Guidelines is reviewed for clear error." *United States v. Kahlon*, 38 F.3d 467, 470 (9th Cir. 1994) (citation omitted).

At sentencing, the district court denied McReynolds' objections to the presentence report's references to his possession of the Bushmaster AR-15 rifle, citing U.S.S.G. § 1B1.4, 18 U.S.C. § 3661, and *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam) (holding that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"). After finding that "more than a preponderance of the evidence" established that McReynolds possessed the Bushmaster AR-15 rifle, the district court concluded that the Bushmaster rifle "is properly taken into account" as relevant conduct "for purposes of establishing a base offense level of 20." The district court did not clearly err in doing so.

"In determining the sentence to impose . . . , the court may consider, without

limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4 (citing 18 U.S.C. § 3661). Section 1B1.3 of the Guidelines "describes in sweeping language the conduct that a sentencing court may consider in determining the applicable guideline range," *Watts*, 519 U.S. at 152–53, including as relevant conduct other offenses that were "part of the same course of conduct or common scheme or plan as the offense of conviction," U.S.S.G. § 1B1.3(a)(2). "Relevant conduct in firearms cases generally arises . . . where the firearms are otherwise legal but the defendant, usually due to criminal history or prohibited status under federal law, is not able to legally possess them." *United States v. Vargem*, 747 F.3d 724, 732 (9th Cir. 2014) (citations omitted).

In this case, the district court properly considered McReynolds' possession of the Bushmaster AR-15 rifle set forth in Count 12 of the indictment because this additional felon-in-possession count was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Possession of another firearm by a convicted felon is relevant conduct where that possession is close in time to the offense of conviction. *See United States v. Nichols*, 464 F.3d 1117, 1122–24 (9th Cir. 2006). Not only was the offense charged in Count 12 identical to the offense of conviction—being a felon in possession of a firearm—but the district court's findings at sentencing established

3

by a preponderance of the evidence that McReynolds possessed the Bushmaster AR-15 rifle less than six months after the Remington rifle was seized by law enforcement on January 13, 2017. The district court's finding that McReynolds' illegal possession of the Bushmaster AR-15 rifle within six months of his possession of the Remington rifle was relevant conduct to his prosecution for felon in possession was not clearly erroneous.

McReynolds also contends that the district court erred in denying a sentence reduction pursuant to U.S.S.G. § 2K2.1(b)(2), which provides for a decrease in offense level to 6 "[i]f the defendant, *other than a defendant subject to subsection . . . (a)(4) . . .*, possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." (emphasis added). But because McReynolds' base offense level was properly calculated under § 2K2.1(a)(4), § 2K2.1(b)(2) is inapplicable.

Finally, McReynolds argues that his forty-six-month sentence was substantively unreasonable. "[T]he substantive reasonableness of a sentence— whether objected to or not at sentencing—is reviewed for abuse of discretion." *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). "The touchtone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v.*

*Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (internal quotation marks and citation omitted).

Examining the nature and circumstances of the offense under § 3553(a), the district court indicated that McReynolds' conduct exceeded "mere possession of a gun by somebody convicted of a felony." The district court found that McReynolds used the gun in his business, to impress clients, and "[b]y a preponderance of the evidence . . . to engage in other illegal activities on federal lands." The district court remarked that this was a "serious concern" because McReynolds appeared to "completely" disregard federal law. When considering McReynolds' history and characteristics, the district court took note of the "number of criminal convictions" in his criminal history. In determining the need for the sentence imposed to be "sufficient but not greater than necessary" to accomplish the objectives set forth in § 3553(a)(2), the district court concluded that the most important objectives in this case were to "provide adequate deterrence from further criminal conduct" and to "promote respect for the law," noting that there "was no respect for the law in [McReynolds'] actions in this case."

Ultimately, the district court concluded that a two-level upward variance from the top of the Guidelines' range to a sentence of forty-six months' imprisonment was "sufficient but not greater than necessary to promote respect for the law, to afford adequate deterrence, and to accomplish the other purposes set

forth in Section 3553(a)."  We do not "have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors."  *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009).

Further, McReynolds' contention that his sentence is substantively unreasonable because the district court improperly relied on "conduct that was still unproven as the remaining charges were still pending for trial" also fails.  "[A] sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."  *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013) (citation omitted).  Indeed, "sentencing courts have broad discretion to consider various kinds of information," *Watts*, 519 U.S. at 151, as "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661.

**AFFIRMED.**