NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10166 |
| Plaintiff-Appellee, | D.C. No. 1:21-cr-00210-JLT-SKO-1 |
| v. | |
| SABINO RAMOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted July 25, 2024**
San Francisco, California

Before: BEA, HAMILTON,*** and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* We stayed oral argument for this case pending the outcome of *United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024) (en banc). With *Lucas* now decided, we conclude that the facts and legal arguments are adequately presented in the briefs and record, such that this case is suitable for decision without oral argument. We therefore submit this case concurrently with the filing of this memorandum. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Defendant-Appellant Sabino Ramos appeals the district court's final judgment, which sentenced Ramos to 92 months in prison following his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Ramos challenges only the district court's decision to enhance Ramos's offense level by two points after the court determined that the "relevant conduct" surrounding Ramos's underlying offense "involved" at least three firearms under the Sentencing Guidelines. *See* U.S.S.G. §§ 1B1.3(a), 2K2.1(b)(1)(A). Because the parties are familiar with the facts, we recount them here only where necessary. We have jurisdiction under 28 U.S.C. § 1291. We affirm the decision below.

We review due process claims and questions of law de novo. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc); *United States v. Ridgway*, 300 F.3d 1153, 1155 (9th Cir. 2002). The district court's underlying factual findings are reviewed for clear error. *United States v. Kahlon*, 38 F.3d 467, 469, 470 (9th Cir. 1994). Whether the district court properly applied those facts to the Sentencing Guidelines is reviewed for abuse of discretion. *Gasca-Ruiz*, 852 F.3d at 1170.

1.      The district court did not err when it applied the "preponderance of the evidence" standard, rather than the "clear and convincing evidence" standard, to determine whether Ramos's "relevant conduct" involved at least three firearms. Ramos does not dispute that our recent en banc decision in *United States v. Lucas*

confirms that preponderance standard was the correct standard for the district court to apply. 101 F.4th 1158, 1159 (9th Cir. 2024) at 1159 ("fully adopt[ing]" the preponderance standard for "factual findings [made] at sentencing").

2.     The district court's two-level sentence enhancement was not an abuse of discretion. Specifically, we agree with the district court that the Government proved by a preponderance of the evidence that the "relevant conduct" surrounding Ramos's § 922(g)(1) offense involved at least three firearms. First, when law enforcement officers arrested Ramos in July 2021, they found two firearms in his possession. That is undisputed. Second, Ramos's phone records, which Ramos does not discuss in his brief, demonstrated that he purchased and was in possession of two additional firearms in the weeks leading up to his July 2021 arrest.  In one text message conversation with an associate, Ramos stated that he "[j]ust bought a nice clean ghost [gun]" and sent his associate a picture depicting what appears to be Ramos holding a P80 semi-automatic pistol. In a separate conversation, Ramos followed up with another associate over the price of a different handgun that Ramos wanted to buy from an unknown third-party. After he informed Ramos that he was able to talk down the price of the firearm to $650, the associate told Ramos that the gun was available for pickup—to which Ramos responded, "Ok, let me snatch it up." These conversations occurred close in time to Ramos's arrest, and they demonstrate by a preponderance of the evidence that Ramos's § 922(g)(1) offense involved at

3

least three firearms. *See* U.S.S.G. § 2K2.1(b)(1).  As such, we need not evaluate the alternative ground on which the district court based its sentence enhancement, the alleged shooting incident at the casino.  Even if the district court had erred in considering that incident, the record as a whole indicates that any such error "did not affect the district court's selection of the sentence imposed" and was thus harmless. *See Williams v. United States*, 503 U.S. 193, 203 (1992) (citing Fed. R. Crim. P. 52(a)).

3.      Lastly, the district court did not deprive Ramos of his right to due process to the extent the district court also relied on evidence from the alleged shooting incident because its sentence enhancement finds support on an alternative, independent ground.  *Cf. United States v. Safirstein*, 827 F.2d 1380, 1385 (9th Cir. 1987).  The evidence included (1) surveillance footage of a shooting incident that took place several months before Ramos's July 2021 arrest and (2) Detective Benevente's testimony, which identified Ramos as a shooter in that incident based on that same surveillance footage. Ramos argues only that this evidence failed to demonstrate by a preponderance that Ramos's § 922(g)(1) offense involved at least three firearms. But as we have explained, the text conversations found on Ramos's phone independently establish that he was in possession of two firearms during the weeks leading up to July 2021, when law enforcement arrested Ramos and recovered two additional firearms that were in his possession.

**AFFIRMED.**